SAVANNAH, FLORIDA AND WESTERN RAILWAY *vs.* LAWTON *et al.*

CASE, FROM CHATHAM. Water and Water Courses. Actions. Damages. Landlord and Tenant. Railroads. (Before Judge Adams).

Blandford, J.—1. Where land lay near a river, and between the river front and the highlands there was a tract lower than that fronting immediately on the river, and a wall or dam was kept up along the river front by the adjacent proprietors, to prevent the overflow of the lower lands further back, by reason of high tides and floods; and where one of such land owners sold a part of his lands, upon which was a portion of the bank or wall, to a railroad company, and by reason of want of repair in the dam, some of the lowlands were overflowed, and the crops of the occupant destroyed—whether or not the vendor of the land on which the wall was would be liable, would depend upon the contract he made with the occupant of the lowlands when he rented to him. If he made no contract to keep up the bank, then he is not liable; if he did, he is liable. There was sufficient doubt on this subject to authorize the grant of a new trial in this case.

2. When the railway company purchased the land along the river bank, having upon it a bank or wall which was part of a system adopted by the proprietors of the land fronting on the river to keep back the floods and high tides, each proprietor was bound to the others to keep up and maintain the bank on his own land for the benefit of all; and upon the purchase by the railway company, it assumed all the

responsibility and liability resting on its vendor as to keeping up and maintaining the wall or dam. This duty it owed to all the other proprietors, as well as to the occupants of the lowlands which were subject to overflow; and it would be liable for damages resulting from a neglect to observe this duty.

(a) The grant of a new trial as to both defendants was right.

Judgment affirmed.

Chisholm & Erwin, for plaintiff in error.

Richards & Heyward; Lawton & Cunningham, for defendants.